```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES COLES, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 10-6132 (JBS/AMD) |
| v. |  |
| NICHOLAS CARLINI, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, Chief Judge:

    The matter before the Court is Plaintiffs' appeal of a nondispositive order issued by Magistrate Judge Donio that denied Plaintiffs' motion to deem a videotape exhibit a "true, correct, accurate and admissible transcription and copy of the original VHS videotape recording" of a traffic stop recorded by the New Jersey State Police. [Docket Item 79.] The Court finds as follows:

    1. The underlying dispute arises from an allegedly illegal traffic stop of Plaintiffs, who were riding motorcycles, by the New Jersey State Police. The facts of this case were recounted by the Court in Coles v. Carlini, No. 10-6132, 2012 WL 1079446, at *1-*5 (D.N.J. Mar. 29, 2012) and, as they are irrelevant to the present motion, will not be repeated here.

    2. Defendants' Answer to the Amended Complaint made dozens of references to the videotape of the traffic stop, attached to the Amended Complaint as Exhibit A. [Docket Item 57.] One

representative example:

> The original videotape of the incident speaks for itself. Answering Defendants reserve the right to authenticate the video attached as Exhibit A, as well as the right to verify the accuracy of its timestamp and amplify its sound. Without such authentication and testing, Answering Defendants must deny the allegations in this paragraph.

[Answer ¶ 149.]

3. Defendants previously had admitted the authenticity of the videotape, in their motion to strike and motion to dismiss: "the MVR [mobile video/audio recording] is properly considered by the Court under Fed. R. Civ. P. 12(b)(6), because it is undisputedly authentic and integral to the Plaintiff's Amended Complaint, which relies on it extensively." [Docket Item 39-1 at 2 n.1.] Relying on this admission, this Court considered the videotape exhibit in deciding the motion to dismiss, because the exhibit was "undisputedly authentic." Coles, 2012 WL 1079446, at *7. The Court stated: "it is undisputed by the parties that the recording of the traffic stop attached as an exhibit to the Plaintiff's First Amended Complaint is an authentic document." Id.

4. Plaintiffs moved before Magistrate Judge Donio for an order deeming Exhibit A "a true, correct, accurate and admissible transcription and copy of the original VHS videotape recording." [Docket Item 61 ¶ 58.] Plaintiffs argued that 42 paragraphs in Defendants' Answer denied allegations in the Amended Complaint

2

because the video had not been authenticated. [Id. ¶ 33.] Plaintiffs argued that Defendants should be estopped from disputing the exhibit's authenticity, and they should return a more complete Answer. [Id. ¶ 24.]

    5. Although Defendants urged the Magistrate Judge to deny the motion "in its entirety" [Docket Item 67 at 3], Defendants also conceded that they "have no objection to the Court deeming the exhibit authentic at the present time. If later testing reveals evidence of tampering, then the defendants will submit the appropriate motion to the Court and ask it to vacate its interlocutory order." [Id. at 16-17.]

    6. At the motion hearing, Judge Donio asked Defendants' counsel if he was contesting the validity of the video exhibit, and he responded:

> only [if] we find out later, at some point, that there is something that was done to it. Now, I don't think that's going to be the case, but it's early on and we just wanted to preserve our right to do that and that's why we agreed to have the Court deem it authentic.

[Excerpt of Mots. Hearing Before The Honorable Ann Marie Donio United States Magistrate Judge (Docket Item 80) at 4:1-8.] Judge Donio expressed the view that it was premature to move to authenticate the document: "I don't see it as ripe, at this point." [Id. at 17:24.] Judge Donio stated:

> Why would I deem it authentic today, in the nature of this proceeding? What would be the benefit or detriment to that? Isn't it evidence that will be presented and admitted in an appropriate trial and why do we need to

>   address the authenticity of what the recording is today?

[Id. at 4:9-13] She elaborated:

>   [T]here is nothing before me at this time, is what I'm saying. Is that your position? I mean, we're not in an evidentiary hearing and there's nothing for me to admit to, to whom would I be admitting it? There's no jury, we're not in a dispositive motion context. That would be the District Judge, anyway and there's no evidence issue, there's no in limine motion.

[Id. at 18:4-10.] Judge Donio ruled that Defendants must answer based on "their own memory as to what occurred" and should "not referenc[e] whether the tape is authentic" in their responses. [Id. at 21:3-9.] To the extent Defendants' Answer denied allegations by referencing the videotape, Judge Donio ruled that Defendants would have to revise their responses. [Id. at 28:16-25.] If, at a later stage in litigation, the Defendants' denials turn out to be improper, "the defendants will have to deal with it at that time." [Id. at 28:21-25.] Judge Donio never ruled that Exhibit A was authentic. She then entered a written order that stated the motion "shall be, and is hereby, DENIED in part and GRANTED in part as set forth on the record . . . ." [Docket Item 76 at 1.]

    7. Plaintiffs appeal the order, arguing that Exhibit A must be deemed authentic and admissible because of Defendants' previous admissions to that effect. [Pl. Appeal ¶ 2.] Because Plaintiffs claimed in their motion that Defendants were bound by their "judicial admission of authenticity," Plaintiffs conclude

that Judge Donio's ruling denying the motion was contrary to law. [Id. ¶¶ 5-6.]

8. Defendants, responding to the appeal, continue to admit the authenticity of the videotape exhibit. "We have no objection to the Court entering an order deeming Exhibit A authentic, so long as such an order is without prejudice to the defendants' right to move to vacate that order if Exhibit A is later found to have been doctored." [Def. Opp'n at 1-2.] Defendants continue: "we have no reason to believe Exhibit A has been tampered with or doctored. . . . [F]ormer DAG Michael Engallena did not challenge the authenticity of Exhibit A. The defendants are not challenging it now." [Id. at 2.]

9. A district court reviewing a nondispositive order by a Magistrate Judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c). A Magistrate Judge's finding is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) and United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has

5

misinterpreted or misapplied applicable law." Id. Where a Magistrate Judge "is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Id.

10. The parties agree that the videotape exhibit is authentic, unless some evidence is discovered to show the exhibit has been tampered with or doctored, and all agree that scenario is unlikely. See Def. Opp'n at 2 ("we highly doubt that any such evidence will be uncovered"). Agreement among the parties, however, does not render the Magistrate Judge's order clearly erroneous or contrary to law. Judge Donio did not rule that Exhibit A was not authentic; her order directed Defendants to cure problems with their Answer by eliminating denials based on the videotape exhibit. Thus, the order rendered unnecessary any decision on the authenticity of the exhibit until such a time that the exhibit's authenticity becomes a material issue. This solution was within the Magistrate Judge's discretion, and the Court finds no abuse of discretion in this case.

11. Therefore, the order of the Magistrate Judge will be affirmed. The accompanying Order will be entered.

12. In light of the agreement of both sides during briefing of this motion that the videotape exhibit is authentic, the Court will deem the exhibit as having been authenticated under Rules 901, et seq., Fed. R. Evid. Its admissibility at trial will thus

depend on either the parties' stipulation of admissibility or upon Plaintiffs' showing under the relevant exception(s) to the hearsay rules in Ruls 801-803, Fed. R. Evid., and the accompanying Order will also so provide.


**December 14, 2012**                               **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge